STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ABDEL AKBAR SHAHAMET, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 5, 1988—Decided October 26, 1988.

Before Judges KING, ASHBEY and SKILLMAN.

*Alfred A. Slocum*, Public Defender, attorney for appellant (*Robert Seelenfreund*, Assistant Deputy Public Defender, of counsel and on the brief).

*W. Cary Edwards*, Attorney General, attorney for respondent (*Mildred Vallerini Spiller*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

Defendant was convicted by a jury of possession of a controlled dangerous substance, cocaine, in violation of *N.J.S.A.* 24:21–20(a)(1), and sentenced to a four year term of imprisonment.

The State's evidence against defendant was obtained from a search of the apartment which defendant shared with his wife. The search revealed five vials in the drawer of a dresser located in the marital bedroom. One vial contained cocaine while the others showed traces of the drug.

The only witness for defendant was his wife. She testified that the cocaine belonged to her and that her husband was unaware of its presence in the apartment. According to defendant's wife, she consumed some cocaine with a girlfriend during the evening preceding the search and placed the remainder in the dresser drawer while her husband was out of the apartment. On cross-examination, defendant's wife was confronted with her prior statement, made after her own arrest, that she "does not use drugs." This statement was part of her response to questions on the "Uniform Defendant Intake Report" (U.D.I.R.) used to assist in processing persons charged with criminal offenses in Union County.[1]

After the jury verdict, the trial court raised a question on its own motion as to whether the guilty verdict should be set aside on the grounds that the use of the U.D.I.R. statement in cross-examining defendant's wife breached the confidentiality of such reports. In response, defendant submitted two affidavits by the Director of the Union County Central Intake Unit which stated that the U.D.I.R. is designed to aid the court in setting bail, to assist in determining the eligibility of an accused for representation by the Public Defender, and to serve "as a building block towards the eventual completion of any necessary presentence and/or P.T.I. report." Defendant also submitted an affidavit by the Criminal Case Manager for Union County, which stated that the U.D.I.R. is used by the Prosecutor and Public Defender in connection with the county's speedy trial program. The Case Manager further stated that there

---

[1] Insofar as indicated by the trial transcript, defense counsel failed to object to this cross-examination on the grounds that the U.D.I.R. statement was privileged. Defense counsel asserted during oral argument on the motion to set aside the verdict that he had made this objection but that it somehow had not been transcribed by the court reporter. The trial judge stated that he also had a recollection of such an objection, but he did not enter any order to correct the record. *See R.* 2:5–5(a). Nevertheless, we have assumed that defense counsel objected to the use of the U.D.I.R. statement in cross-examining defendant's wife on the same grounds urged on this appeal.

was an understanding that a U.D.I.R. "was never to be used against a defendant at any subsequent proceeding." Bradley Ferencz, a Public Defender in Middlesex County and a member of the Supreme Court Task Force Committee on Speedy Trials, submitted a certification in which he stated that the Committee had agreed that a U.D.I.R. was to remain confidential. In addition, defendant submitted an affidavit by the Presiding Judge of the Criminal Part which stated that at a meeting attended by representatives of the prosecutor's office, he had "assured the Public Defender's Office that information obtained from defendants for purposes of completion of the U.D.I.R. form would not be used against those defendants." However, the judge also stated that "[t]he situation in the case at bar, where the information contained in the U.D.I.R. was used to impeach a defendant who later became a defense witness, was never discussed because it was never contemplated at this or any other meeting." [2]

In opposition to this motion, the Prosecutor submitted an affidavit by a probation department employee who interviews defendants for the purpose of completing U.D.I.R.s which stated:

> At no time do I inform defendants that any portion of the Report will be kept confidential. At no time do I inform defendants that they must fill out the form. On occasions when defendants have resisted filling out the form in any manner, they are permitted to chose [sic] not to do so.

In an oral opinion delivered on January 23, 1987, the trial court, declining to set aside the jury's verdict, stated:

---

[2]Subsequent to the trial of this case, the Presiding Judge of the Criminal Part issued a letter opinion, entitled "In the Matter of the Uniform Intake Form," in which he directed that "no information contained in the U.D.I.R. will be permitted for purposes of cross-examination or rebuttal in any pending case." The Union County Prosecutor appealed from this directive, *In re Access to and Use of Uniform Defendant Intake Report (U.D.I.R.)*, A–869–87T5, but later entered into a stipulation of dismissal of the appeal. The record before us does not indicate the present status of the August 13, 1987 directive of the Presiding Judge of the Criminal Part in Union County.

The trial of a case is the seeking of the truth. Certainly, one doesn't seek the truth if there was a shield put up to permit such false swearing or apparent false swearing as there was in this case.... [T]his Court is convinced by reading the affidavits furnished to this Court by both sides that this particular situation was not contemplated by anyone nor discussed by anyone.

On appeal defendant argues that he is entitled to a new trial because the Prosecutor's use of his wife's U.D.I.R. statement in her cross-examination breached the understanding that such statements would remain confidential. In effect, defendant argues that the understanding reached among the participants in the criminal justice system in Union County regarding the confidentiality of U.D.I.R. statements makes such statements privileged. However, "[t]he policy of the law is to allow all competent, relevant evidence to be produced, subject only to a limited number of exceptions." *Lazorick v. Brown*, 195 *N.J. Super.* 444, 456 (App.Div.1984); *see Evid.R.* 7. And "since privileges conceal the truth rather than advancing its ascertainment, courts have traditionally tended to restrict rather than create or expand them." *Dixon v. Rutgers*, 110 *N.J.* 432, 446 (1988). Privileges "are accepted only because in the particular area concerned, they are regarded as serving a more important public interest than the need for full disclosure." *State v. Briley*, 53 *N.J.* 498, 506 (1969). Consequently, "the adoption of a privilege restricting the flow of evidence is a substantial policy decision uniquely within the competence of the Supreme Court or the Legislature." *In re Gail D.*, 217 *N.J.Super.* 226, 232 (App.Div.1987); *see also Busik v. Levine*, 63 *N.J.* 351, 367–368 (1973).

█ It is clear that neither the Supreme Court nor the Legislature has made a policy decision that statements made during the preparation of a U.D.I.R. should be privileged. Moreover, neither the Court nor the Legislature has delegated authority to the Public Defender's office, the Prosecutor or the Presiding Judge of the Criminal Part to establish such a privilege. Therefore, the use of an U.D.I.R. statement in a criminal trial cannot be barred on the basis of an agreement among

these officials. *See Evid.R.* 7 ("Except as otherwise provided in these rules or by other law of this State, ... (d) no person has a privilege to refuse to disclose any matter ... and (e) no person has a privilege that another shall not be a witness or shall not disclose any matter...."); *cf. State v. Blue,* 124 *N.J.Super.* 276, 281–283 (App.Div.1973) (the fact that a statement made to probation officer in connection with preparation of presentence report is ordinarily confidential does not mean that the statement is privileged from use at a criminal trial to impeach credibility).

In any event, the confidentiality agreement among the Union County officials, as described in the Presiding Judge's affidavit, would only have barred the use of a U.D.I.R. statement against the person making the statement without barring its use for other purposes. A recent proposal by the Conference of Criminal Presiding Judges for an amendment to the rules of court contained a similar limitation:

> No statement or other disclosure made by a defendant to court support staff during an intake or bail interview shall be admitted as evidence against the defendant in any civil or criminal trial.[3]

Therefore, even if there had been a basis for barring the use of the statement made by defendant's wife in a trial of the charges against her,[4] this would not bar its use to impeach her testimony at defendant's trial. Moreover, even if the U.D.I.R. statement made by defendant's wife were privileged, defendant would not be entitled to a new trial based on the erroneous use

---

[3]The Committee on Criminal Practice decided to table this proposed rule change in light of the pendency of the present appeal and another appeal raising a related issue. *See 1988 Report of Supreme Court Committee on Criminal Practice,* 122 N.J.L.J. Index Page 119 (July 14, 1988).

[4]We have no occasion to consider whether an accused could prevent the prosecution from using his own U.D.I.R. statement on any grounds. *See State v. Helewa,* 223 *N.J.Super.* 40 (App.Div.1988). We also have no occasion to consider whether legislative action would be required in order to adopt a privilege for U.D.I.R. statements. *See State v. D.R.,* 109 *N.J.* 348, 371–377 (1988).

of that statement at his trial. *See Evid.R.* 40(1) ("A party may predicate error on a ruling disallowing a claim of privilege only if he is the holder of the privilege").

Defendant makes the following additional arguments:

(1) The trial court abused its discretion in ruling that the State could introduce evidence of defendant's prior convictions to impeach his credibility.

(2) The trial court failed to adequately instruct the jury that defendant's possession of a controlled dangerous substance must have been "knowingly."

(3) The sentence imposed on defendant was excessive.

These arguments are clearly without merit and do not require discussion. *R.* 2:11–3(e)(2).

AFFIRMED.